[Cite as *State v. Petti*, **2012-Ohio-6130**.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| | | **CASE NO. 2012-L-045** |
| - vs - | : | |
| NICHOLAS C. PETTI, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 11 CR 000019.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Teri R. Daniel*, Assistant Prosecutor, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*David L. Doughten*, 4403 St. Clair Avenue, Cleveland, OH 44103-1125 (For Defendant-Appellant).

TIMOTHY P. CANNON, P.J.

{¶1} Appellant, Nicholas C. Petti, appeals the judgment of the trial court sentencing him to 19 years in prison. Appellant claims the trial court erred when it sentenced him without fully considering the issue of proportionality pursuant to R.C. 2929.11(B). Based on the following, we affirm.

{¶2} Appellant entered a plea of guilty to robbery, a felony of the third degree, in violation of R.C. 2911.02(A)(3); and aggravated robbery, a felony of the first degree,

in violation of R.C. 2911.01(A)(3), with a repeat violent offender ("RVO") specification pursuant to R.C. 2941.149.

{¶3} At his initial sentencing hearing, appellant was sentenced to a prison term of four years for robbery and nine years for aggravated robbery, to be served concurrently for a total of nine years. In addition, appellant was ordered to serve a term of ten years on the RVO specification prior to and consecutive to the above-stated prison term. Thus, appellant was sentenced to a total prison term of 19 years.

{¶4} Appellant appealed, and this court determined that the trial court erred in sentencing appellant to less than the maximum prison term for his first-degree felony, aggravated robbery. Because appellant was sentenced for an RVO specification under former R.C. 2929.14(D)(2)(b)[1], the maximum penalty must be imposed due to the finding that appellant was an RVO. *State v. Petti*, 11th Dist. No. 2011-L-100, 2012-Ohio-1453. ¶13. The matter was remanded for resentencing. *Id.*

{¶5} Appellant was resentenced on April 18, 2012. The trial court sentenced appellant to four years in prison on robbery and ten years in prison on aggravated robbery, which the trial court found as a mandatory term of imprisonment pursuant to R.C. 2929.13. The trial court ran these terms concurrent with each other for a total of ten years in prison.

{¶6} The trial court also sentenced appellant to an additional term of nine years in prison, pursuant to former R.C. 2929.14(D)(2)(b), to be served prior to and consecutive to the above prison term, for a total of 19 years in prison.

{¶7} Appellant filed a notice of appeal and, as his sole assignment of error, alleges:

---

1. R.C. 2929.14 was amended, effective September 28, 2012. *See* R.C. 2929.14(B)(2)(a)(i).

2

{¶8} "The trial court erred by sentencing the appellant to nineteen years of incarceration without fully considering the issue of proportionality pursuant to R.C. 2929.[11](B)."

{¶9} Appellant alleges the trial court erred when it sentenced him without fully considering the issue of proportionality pursuant to R.C. 2929.11(B), as the trial court did not sentence him consistent with other individuals sentenced for similar crimes.

{¶10} We have previously explained that in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, the Ohio Supreme Court established a two-step analysis for an appellate court reviewing a felony sentence. In the first step, we consider whether the trial court adhered to "all applicable rules and statutes in imposing the sentence." *Id.* at ¶26. "As a purely legal question, this is subject to review only to determine whether it is clearly and convincingly contrary to law, the standard found in R.C. 2953.08(G)." *Id.*

{¶11} As the Ninth Appellate District observed:

{¶12} *Kalish* did not specifically provide guidance as to the 'laws and rules' an appellate court must consider to ensure the sentence clearly and convincingly conforms with Ohio law. The specific mandate of *Kalish* is that the sentence fall within the statutory range for the felony of which a defendant is convicted. *State v. Gooden*, 9th Dist. No. 24896, 2010-Ohio-1961, ¶48, citing *Kalish* at ¶15.

{¶13} Next, if the first step is satisfied, we consider whether, in selecting the actual term of imprisonment within the permissible statutory range, the trial court abused its discretion. *Kalish*, *supra*, ¶26. An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler*,

3

2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶14} Addressing the first step of the *Kalish* test, appellant entered a plea of guilty to robbery, a felony of the third degree, in violation of R.C. 2911.02(A)(3), to which he was sentenced to four years—within the statutory range. Former R.C. 2929.14(A)(3). Additionally, appellant pled guilty to aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(3), to which he was sentenced to ten years—within the statutory maximum. Former R.C. 2929.14(A)(1). As the aggravated robbery contained an RVO specification pursuant to R.C. 2941.149, appellant was sentenced to an additional nine years in prison—within the statutory range. Former R.C. 2929.14(D)(2)(b).

{¶15} Appellant's sentence was therefore within the statutory range for these offenses and did not run afoul of sentencing laws existing at the time of his sentencing.

{¶16} We next address the second step of *Kalish*: whether the sentence selected by the trial court was an abuse of discretion.

{¶17} While the trial court is required to consider the R.C. 2929.12 factors, "the court is not required to 'use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors (of R.C. 2929.12).'" *State v. Webb*, 11th Dist. No. 2003-L-078, 2004-Ohio-4198, ¶10, quoting *State v. Arnett*, 88 Ohio St.3d 208, 215, 2000-Ohio-302 (2000). In this case, the trial court, in its judgment entry, stated that "it had considered the purposes of sentencing under R.C. 2929.11, and has balanced the seriousness and recidivism factors under R.C. 2929.12." Further, the sentencing entry noted that appellant's prison

4

sentence "is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11[.]"

{¶18} Despite this, appellant argues the trial court failed to conduct a proportionality analysis as required by R.C. 2929.11.

{¶19} R.C. 2929.11(B) states:

{¶20} A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶21} Although appellant argues that the "better practice would be to require the sentencing court to make findings explaining why the seemingly disproportionate sentence was justifiable under R.C. 2929.11," this is not required by law. This court has repeatedly held that consistency in sentencing is accomplished by the trial court's application of the statutory sentencing guidelines. *See*, *e.g.*, *State v. Swiderski*, 11th Dist. No. 2004-L-112, 2005-Ohio-6705, ¶58; *State v. Delmanzo*, 11th Dist. No. 2007-L-218, 2008-Ohio-5856, ¶32 ("sentencing consistency is not derived from the trial court's comparison of the current case to prior sentences for similar offenders and similar offenses"). "Thus, in order to show a sentence is inconsistent, a defendant must show the trial court failed to properly consider the statutory purposes and factors of felony sentencing." *Id.* Because appellant failed to make such showing, his sentence was proportionate and consistent.

{¶22} Further, appellant maintains that his sentence of 19 years is disproportionate to his conduct; yet, appellant did not receive this term of imprisonment in relation to his two counts of robbery. As stated, appellant received an additional nine years because he was an RVO. The trial court explained why the additional nine year term of imprisonment was warranted, stating:

{¶23} When I take a look at this case we are dealing with mandatory time, we're dealing with an individual who is categorically a repeat violent offender as defined by statute because of the nature of the offenses here. We have a situation where because of the nature of the offense, because of the nature of the concern of this Court and this judge about recidivism I have no choice but to impose what I perceive to be the maximum sentence which needs to be imposed in this case also to then back that up with a repeat violent offender sentence.

{¶24} For the reasons stated in the opinion of this court, appellant's assignment of error is without merit. It is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.


MARY JANE TRAPP, J.,

THOMAS R. WRIGHT, J.,

concur.