[Cite as *State v. Williams*, 2017-Ohio-1002.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**LAKE COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-L-050** |
| CHARUNZ WILLIAMS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 2015 CR 000117.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Teri R. Daniel,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer,* Lake County Public Defender, and *Vanessa R. Clapp,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Charunz Williams, appeals the judgment on sentence entered by the Lake County Court of Common Pleas. For the reasons discussed in this opinion, we affirm.

{¶2} On February 8, 2016, appellant pleaded guilty to one count of engaging in a pattern of corrupt activity, a felony of the second degree, in violation of R.C.

2923.32(A)(1); two counts of grand theft of a motor vehicle, felonies of the fourth degree, in violation of R.C. 2913.02(A)(1); and four counts of breaking and entering, felonies of the fifth degree, in violation of R.C. 2911.13(B). Appellant was sentenced to concurrent and consecutive terms, totaling 9 years. The trial court also ordered appellant to pay $66,698 in restitution and $200,094 in fines, pursuant to R.C. 2923.32(B)(2)(a), which permits "triple" fines for the commission of engaging in a corrupt activity. Appellant now appeals and assigns two errors for this court's review. His first assignment of error provides:

{¶3} "The trial court erred by sentencing the defendant-appellant to a consecutive, nine-year prison term."

{¶4} Appellate review of a felony sentence is governed by R.C. 2953.08(G)(2), which provides:

{¶5} The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶6} The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

{¶7} (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶8} (b) That the sentence is otherwise contrary to law. *See also State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002.

2

**{¶9}** The foregoing standard is highly deferential as the "the 'clear and convincing' standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings." *State v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶21 (8th Dist.). Accordingly, this court can only modify or vacate a sentence if the panel determines, by clear and convincing evidence, that the record does not support the trial court's decision or if the sentence is contrary to law. *Marcum*, *supra*, at ¶7.

**{¶10}** The Supreme Court of Ohio has held that R.C. 2929.11 and R.C. 2929.12 do not require judicial fact-finding. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. Instead, "in sentencing a defendant for a felony, 'a court is merely required to "consider" the purposes and principles of sentencing in R.C. 2929.11 and the statutory * * * factors set forth in R.C. 2929.12.'" *State v. Brown*, 11th Dist. Lake No. 2014-L-075, 2015-Ohio-2897, ¶34, quoting *State v. Lloyd*, 11th Dist. Lake No. 2006-L-185, 2007-Ohio-3013, ¶44. A trial court meets its obligations by stating that it has considered the relevant factors. *Id.*

**{¶11}** Under his first assignment of error, appellant argues the trial court failed to properly weigh the statutory sentencing factors set forth under R.C. 2929.11 and R.C. 2929.12. First, he contends there were a number of factors making his conduct less serious than conduct normally constituting the offense. Initially, he argues his crimes were prompted by his inability to obtain gainful employment after his recent release from

prison; as a result, he was unable to meet his financial obligations and care for his family.

{¶12} We fail to see how appellant's alleged inability to find a job after his release from prison militates in his favor. Many people have difficulty obtaining employment. This does not justify stealing from others. Moreover, at the time of his sentencing, appellant was employed. This indicates appellant could have found employment if he was sufficiently diligent, but elected to engage in a series of theft crimes in lieu of pursuing legitimate work.

{¶13} Next, appellant claims that his lack of drug or alcohol abuse weighs in his favor. Even though appellant was ostensibly "clean" when he was screened for the presentence investigation report, it is unclear how these results should lessen the seriousness of his criminal acts. Appellant may not have been a drug or alcohol abuser when he committed the crimes; on one hand, this could be a positive factor inasmuch as it indicates appellant's conduct was not motivated by an illicit or unmanaged addiction. Alternatively, appellant's sobriety could also be viewed as somewhat problematic to the extent he engaged in the criminal activity with a "clear mind," unclouded by any chemical influence. Regardless, the trial court did not err by failing to give appellant's lack of chemical abuse greater weight.

{¶14} Appellant next asserts that his sentence was disproportionately severe in relation to his co-defendant's. He notes that his co-defendant, Marcus McWilson, who participated equally and encouraged appellant to commit the crimes, received only a three-year term of imprisonment. Appellant consequently claims the trial court erred in sentencing him to a nine-year prison term. We do not agree.

4

{¶15} R.C. 2929.11(B) provides:

{¶16} (B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

{¶17} In relation to the foregoing statute, the trial court stated:

{¶18} I understand the balancing. And I know you backed away from the word parody [sic], but I understand the concept you're trying to say. [The co-defendant] only got 3 years and now they're asking for 12 in this particular case. And to the extent in terms of the involvement in the crimes, to the extent I know what the involvement of the two Defendants were, and I wasn't the Judge in the other case, certainly I've considered that relative need to be consistent. But on the other hand I need to consider all the factors which I have just set forth, and the purposes and principles, not only am I here to punish Mr. Williams, but the role that he had in the commission of these particular crimes that are, in fact, before me, but it's also to protect the public from future crimes committed by Mr. Williams. And that criminal conviction history has left a wake of victims over the years and has left a tremendous number of victims in this particular case alone. And so it goes beyond just punishing this Defendant, my role is also to protect the public from those crimes and to send a message to others who may be tempted to commit crimes such as Mr. Williams has committed in this particular case.

{¶19} So, I acknowledge and I've considered both the argument that you're making not only here in the Courtroom today, but also in your sentencing memorandum as well. Nevertheless, I respectfully disagree that 3 years or even 4 years would be appropriate.

{¶20} The court considered the statutory purposes of R.C. 2929.11 and, in doing so, concluded appellant's significant prior criminal record justified a more severe sentence than that of his co-defendant. The court underscored that appellant had a total of 28 convictions over a 33-year period and 19 of those convictions were felonies. Consistency in felony sentencing does not imply a court must compare like offenders

and impose like sentences. *See State v. Delmanzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶32. To the contrary, consistency is derived from a sentencing judge's proper application of the relevant statutory sentencing factors. *Id.* The felony ranges and applicable prison terms, in relation to a particular offender's conduct and criminal history, inform the concepts of sentencing consistency and proportionality. Hence, it does not always follow that two co-defendants who participated in similar criminal conduct must or should be sentenced to roughly the same prison term. In this case, the trial court carefully considered the sentencing factors in relation to appellant's conduct and prior criminal history and, in doing so, it ensured appellant's sentence was consistent and proportional as contemplated by Ohio law.

{¶21} Finally, appellant contends the record does not support the characterization of him as "uncooperative." He asserts when the police first began investigating him and his co-defendant, his attorney advised him not to communicate with police. And, he claims, he would have been unable to answer specific questions about the stolen items at issue because he did not know where they were located.

{¶22} A review of the sentencing hearing does not indicate the court characterized appellant as uncooperative. And, even if there was some suggestion that that court harbored this viewpoint, such a position is not inherently unreasonable to the extent that appellant's co-defendant was the individual who provided the greatest assistance in the underlying investigation.

{¶23} The trial court complied with the purposes and principles of felony sentencing and properly considered all relevant sentencing factors in pronouncing sentence. We therefore conclude appellant has failed to show, by clear and convincing

6

evidence, that the record does not support the trial court's judgment or if the sentence is contrary to law.

{¶24} Appellant's first assignment of error lacks merit.

{¶25} Appellant's second assignment of error provides:

{¶26} "The trial court erred to the prejudice of the defendant-appellant when it ordered him to pay $66,698 in restitution and $200,094 in fines."

{¶27} Appellant contends the trial court's conclusion that he was able to pay the foregoing amounts or that he will be able to so pay in the future was not supported by the record. Appellant emphasizes he will be 60 years old upon his release from prison; he dropped out of high school and possesses no advanced degrees. He has been involved in the criminal justice system consistently since his juvenile years and has been repeatedly sentenced to prison. And, due to his criminal record, he has difficulty obtaining jobs and meeting financial obligations. In sum, appellant therefore contends the court abused its discretion when it imposed the restitution order and fines.

{¶28} R.C. 2929.18 allows a trial court to impose financial sanctions, including restitution and reimbursements on an offender. R.C. 2929.19(B)(5), however, requires that, before imposing a financial sanction under R.C. 2929.18, the trial court "shall consider the offender's present and future ability to pay the sanction or fine." Furthermore, R.C. 2929.18(E) states: "A court that imposes a financial sanction upon an offender *may* hold a hearing if necessary to determine whether the offender is able to pay the sanction or is likely in the future to be able to pay it." (Emphasis added.) "'The trial court does not need to hold a hearing on the issue of financial sanctions, and there are no express factors that the court must take into consideration or make on the

7

record.'" *State v. Russell,* 2nd Dist. Montgomery No. 23454, 2010-Ohio-4765, ¶62, citing *State v. Culver,* 160 Ohio App.3d 172, 2005-Ohio-1359, ¶57 (2d Dist.). A trial court need not even state that it considered an offender's ability to pay, but the record should contain some evidence that the trial court considered the offender's ability to pay. *Id.,* citing *State v. Parker,* 2nd Dist. Champaign No. 03CA0017, 2004-Ohio-1313, ¶42.

{¶29} Moreover, the failure to object to the amount of a fine at a time when the trial court could correct that error constitutes a waiver of all but plain error. *State v. Barker,* 8th Dist. Cuyahoga No. 93574, 2010-Ohio-4480, ¶11. "In other words, when a defendant does not object at the sentencing hearing to the amount of the fine and does not request an opportunity to demonstrate to the court that he does not have the resources to pay the fine, he waives any objection to the fine on appeal." *Id.*

{¶30} In this case, appellant did not object to either the restitution order amount or the fine. The record demonstrates that, prior to issuing the restitution order, the amount of restitution had been calculated within a reasonable degree of certainty. The state submitted an exhibit detailing the monetary amounts the victims lost due to appellant's actions and the court issued the restitution order in the amount that the exhibit reflected. In doing so, the court noted it had considered appellant's future ability to pay, stating that appellant, upon his release, "should have the ability to engage in meaningful employment." Pursuant to R.C. 2923.32(B)(2)(a), the court tripled the amount lost by the victims and imposed that amount as a fine. Even though appellant will not likely have the opportunity upon release to obtain highly remunerative employment, the court determined he would be able to engage in meaningful

8

employment such that the restitution order and fine could be paid down. To be sure, the $66,698 restitution order and the $200,094 fine are extremely high. Nevertheless, the former is supported by the record and the latter is authorized by statute. Under the circumstances of this case, we find no error.

{¶31} Appellant's second assignment of error lacks merit.

{¶32} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.


DIANE V. GRENDELL, J.,

TIMOTHY P. CANNON, J.,

concur.