[Cite as *State v. Hines*, 2017-Ohio-8285.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2017-L-032** |
| | | **2017-L-033** |
| | | **2017-L-034** |
| MICHAEL G. HINES, JR., | : | **2017-L-035** |
| Defendant-Appellant. | : | |

Criminal Appeals from the Lake County Court of Common Pleas, Case Nos. 2016 CR 000167, 2016 CR 000342, 2016 CR 000437, and 2016 CR 000953.

Judgment: Affirmed.

*Charles E. Coulson*, Lake County Prosecutor, and *Anna C. Kelley*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Charles R. Grieshammer,* Lake County Public Defender, and *Vanessa R. Clapp,* Assistant Public Defender, 125 East Erie Street, Painesville, OH 44077 (For Defendant-Appellant).

COLLEEN MARY O'TOOLE, J.

{¶1} Appellant, Michael G. Hines, Jr., appeals from the February 8, 2017 judgments of the Lake County Court of Common Pleas, consecutively sentencing him in four cases to a ten-year prison term for illegal manufacture of drugs, illegal assembly or possession of chemicals for the manufacture of drugs, theft, and attempted burglary following guilty pleas. In this consolidated appeal, appellant asserts his sentence is

contrary to law because the trial court's findings under R.C. 2929.12 are not supported by the record. Finding no reversible error, we affirm.

{¶2} On December 6, 2016, appellant, through appointed counsel, pleaded guilty in four separate cases: (1) Case No. 2016 CR 000167, count one, illegal manufacture of drugs, a felony of the second degree, in violation of R.C. 2925.04, with a forfeiture specification, and count two, illegal assembly or possession of chemicals for the manufacture of drugs, a felony of the third degree, in violation of R.C. 2925.041, with a forfeiture specification; (2) Case No. 2016 CR 000342, theft, a felony of the fifth degree, in violation of R.C. 2913.02; (3) Case No. 2016 CR 000437, illegal assembly or possession of chemicals for the manufacture of drugs, a felony of the third degree, in violation of R.C. 2925.041, with a forfeiture specification; and (4) Case No. 2016 CR 000953, attempted burglary, a felony of the third degree, in violation of R.C. 2923.02 and 2911.12. The trial court accepted appellant's guilty pleas and referred the matters to the Adult Probation Department for a pre-sentence investigation and report, a drug and alcohol evaluation, and a mental health assessment.[1]

{¶3} On February 8, 2017, the trial court sentenced appellant to the following: (1) Case No. 2016 CR 000167, count one, five years, and count two, three years, for a total concurrent sentence of five years; (2) Case No. 16 CR 000342, six months; (3) Case No. 16 CR 000437, three years; and (4) Case No. 16 CR 000953, 18 months.

---

1. The PSI reveals appellant's juvenile and adult prior criminal records are about five pages long. Appellant scored a 35 on the Ohio Risk Assessment System which indicates a "High" risk needs level (criminal history – domains of risk to re-offend).

The sentences were ordered to be served consecutively for a total prison term of ten years. Appellant filed timely appeals and raises a single assignment of error:[2]

{¶4} "The trial court erred by sentencing the defendant-appellant to a ten-year prison term."

{¶5} In his sole assignment of error, appellant argues the trial court erred in sentencing him to ten years in prison because its findings under R.C. 2929.12 are not supported by the record and are contrary to law. Appellant asserts the court ignored or discounted statutory factors that made his behavior less serious, failed to give adequate weight to the factors that supported his request for a shorter prison sentence, and failed to account for his cooperation with law enforcement.

{¶6} "(T)his court utilizes R.C. 2953.08(G) as the standard of review in all felony sentencing appeals." *State v. Hettmansperger,* 11th Dist. Ashtabula No. 2014-A-0006, 2014-Ohio-4306, ¶14. R.C. 2953.08(G) provides, in pertinent part:

{¶7} "(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

{¶8} "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

2. Appellant's appeals, Case Nos. 2017-L-032, 2017-L-033, 2017-L-034, and 2017-L-035 were consolidated for all purposes.

3

{¶9} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

{¶10} "(b) That the sentence is otherwise contrary to law."

{¶11} Appellant specifically takes issue with R.C. 2929.12. Although trial courts have full discretion to impose any term of imprisonment within the statutory range, they must consider the guidelines contained in R.C. 2929.12, "Factors to consider in felony sentencing," which states in part:

{¶12} "(A) Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code. In exercising that discretion, the court shall consider the factors set forth in divisions (B) and (C) of this section relating to the seriousness of the conduct, the factors provided in divisions (D) and (E) of this section relating to the likelihood of the offender's recidivism, and the factors set forth in division (F) of this section pertaining to the offender's service in the armed forces of the United States and, in addition, may consider any other factors that are relevant to achieving those purposes and principles of sentencing.

{¶13} "(B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:

{¶14} "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

{¶15} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

{¶16} "(3) The offender held a public office or position of trust in the community, and the offense related to that office or position.

{¶17} "(4) The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

{¶18} "(5) The offender's professional reputation or occupation, elected office, or profession was used to facilitate the offense or is likely to influence the future conduct of others.

{¶19} "(6) The offender's relationship with the victim facilitated the offense.

{¶20} "(7) The offender committed the offense for hire or as a part of an organized criminal activity.

{¶21} "(8) In committing the offense, the offender was motivated by prejudice based on race, ethnic background, gender, sexual orientation, or religion.

{¶22} "(9) If the offense is a violation of section 2919.25 or a violation of section 2903.11, 2903.12, or 2903.13 of the Revised Code involving a person who was a family or household member at the time of the violation, the offender committed the offense in the vicinity of one or more children who are not victims of the offense, and the offender or the victim of the offense is a parent, guardian, custodian, or person in loco parentis of one or more of those children.

5

**{¶23}** "(C) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense:

**{¶24}** "(1) The victim induced or facilitated the offense.

**{¶25}** "(2) In committing the offense, the offender acted under strong provocation.

**{¶26}** "(3) In committing the offense, the offender did not cause or expect to cause physical harm to any person or property.

**{¶27}** "(4) There are substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense.

**{¶28}** "(D) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is likely to commit future crimes:

**{¶29}** "(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing; was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code; was under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code; was under transitional control in connection with a prior offense; or had absconded from the offender's approved community placement resulting in the

6

offender's removal from the transitional control program under section 2967.26 of the Revised Code.

**{¶30}** "(2) The offender previously was adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has a history of criminal convictions.

**{¶31}** "(3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child pursuant to Chapter 2151. of the Revised Code prior to January 1, 2002, or pursuant to Chapter 2152. of the Revised Code, or the offender has not responded favorably to sanctions previously imposed for criminal convictions.

**{¶32}** "(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

**{¶33}** "(5) The offender shows no genuine remorse for the offense.

**{¶34}** "(E) The sentencing court shall consider all of the following that apply regarding the offender, and any other relevant factors, as factors indicating that the offender is not likely to commit future crimes:

**{¶35}** "(1) Prior to committing the offense, the offender had not been adjudicated a delinquent child.

**{¶36}** "(2) Prior to committing the offense, the offender had not been convicted of or pleaded guilty to a criminal offense.

**{¶37}** "(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.

**{¶38}** "(4) The offense was committed under circumstances not likely to recur.

**{¶39}** "(5) The offender shows genuine remorse for the offense."

**{¶40}** At the sentencing hearing, defense counsel spoke on appellant's behalf and requested a five-year prison term. (Sentencing T.p. 5)

**{¶41}** Appellant also spoke and advised the court of the following: he was a victim of sexual abuse at a young age; was kidnapped and held for ransom; attempted suicide by hanging himself as a teenager; witnessed murders and rapes while incarcerated; was a victim of attempted rape; suffers from severe paranoia and extreme manic; his daughter was molested by her step-uncle while appellant was incarcerated; he attempted to check himself into Laurelwood in 2016 but was unsuccessful due to an inability to pay; asked to be sentenced to five years; and requested a fair chance at treatment. (Sentencing T.p. 6-11).

**{¶42}** Appellant's wife and co-defendant in Case No. 16 CR 000437, Heather Sandil, asked the court to help her husband. She initially said appellant never had any treatment for his drug addiction. However, she later indicated that appellant had in fact previously attended NEOCAP. (Sentencing T.p. 11-13).

**{¶43}** Also, appellant's mother, Michelle Beesler, spoke on his behalf and indicated that her son has had a "messed up" life. However, appellant's mother agreed with the court that her son would "have to spend his time in prison getting his head on straight." (Sentencing T.p. 13-15).

**{¶44}** The trial court then heard from the state. The state referenced the four cases and indicated recidivism is more likely due to appellant's history of criminal convictions and probation violations, the fact that he has not responded favorably to past sanctions, and has a pattern of drug abuse. The state requested a consecutive sentence totaling ten years in prison. (Sentencing T.p. 15-18).

**{¶45}** Thereafter, the trial court stated the following at the sentencing hearing:

**{¶46}** "The Court has considered the record, the oral statements made, the victim impact statement, the pre-sentence report, drug and alcohol and psychological evaluations, my conference in chambers with counsel and probation, and the statements of the Defendant and the Defendant's counsel. The Court has also considered the overriding purposes of felony sentencing pursuant to Revised Code 2929.11, which are to protect the public from future crime by this offender and others similarly situated and to punish this offender using the minimum sanctions that the Court determines accomplish the purposes, without imposing an unnecessary burden on state or local governmental resources. I have considered the need for incapacitation, deterrence, rehabilitation, and restitution. I've considered the recommendations of the parties. I have reasonably calculated this sentence to achieve the two overriding purposes of felony sentencing and to be commensurate with and not demeaning to the seriousness of this offender's conduct and its impact on society and the victims, and to be consistent with sentences imposed for similar crimes committed by similar offenders. In using my discretion to determine the most effective way to comply with the purposes and principles of sentencing I have considered all relevant factors, including the seriousness and the recidivism factors set forth in Revised Code 2929.12. In the 167

9

case the Court is going to give the Defendant the minimum sentence, and therefore I'm going to dispense with the findings. The minimum sentence is mandatory prison. In the 342 case, the theft, the Court's gonna give the Defendant the minimum sentence in that case, and therefore I'm gonna dispense with the findings. In the 437 case the Court's gonna give the Defendant the minimum sentence. Prison is mandatory in that case, so I'm going to dispense with the findings there. And in the 953 case, the burglary, felony 3 the Court determines that the victim suffered serious psychological harm. * * *

{¶47} "* * *

{¶48} "Alright. No factors making the offense less serious. However, in terms of making recidivism more likely, there's history of criminal convictions and delinquency adjudications. Defendant has not responded favorably. Alcohol or drug abuse is related to the offense, and the offender denies a problem or has refused to accept and apply the treatment he has obtained. The Defendant's record is significant as a juvenile. He was committed on 4 occasions to the Ohio Department of Youth Services. He does have a, two felony crimes of violence, burglaries, felony 3 as a juvenile. Actually he has 6 commitments to the Ohio Department of Youth Services. As an adult he's got convictions for obstructing official business, couple of convictions for that. Criminal damaging, criminal trespass, possession of marijuana. His first felony as an adult was in this court, aggravated possession of drugs, felony 5. He was given jail treatment program, NEOCAP program. Failed to report to jail. Multiple probation violations, testing positive. He ended up being sentenced to 11 months in prison. In Ashtabula County he committed more felonies, possession of drugs, receiving stolen property, illegal assembly or possession of chemicals for the manufacture of drugs,

10

failure to comply with the order or signal of police officer, possession of criminal tools. He was given prison on that, served the better part of 4 years. The Court notes that the illegal assembly or possession is one of the same crimes he's committed here. In Ashtabula he committed another burglary, felony 3; having weapons while under disability, felony 3; theft of a motor vehicle, felony 4. Sent to prison and served another 6 years. Got out in 2015. Burglary, felony 3 in this court. Receiving stolen property, felony 4, with a firearm specification. I sentenced him to prison on that case. That was concurrent to the Ashtabula. He had a felony 4 drug possession out of Cuyahoga County. That was served concurrent. Illegal conveyance of weapons onto the grounds of a detention facility or institution, felony 3. Got a year in prison on that. Then he committed these offenses. The illegal manufacture and the illegal assembly, the theft, felony 5, and between that he did another theft in the Painesville Municipal Court. Then he had another illegal assembly or possession here. And between that and the attempted burglary he did another theft in the Painesville Municipal Court. It's just a horrendous record. Horrendous crime spree. The Court determines that the Defendant has the greatest likelihood of committing future crimes. Prison is needed to protect the public from future crime. A minimum sentence would demean the seriousness of this offender's conduct. However, on most of these I will give the Defendant the minimum, except on the burglary, attempted burglary. Consecutive sentences are necessary to protect the public and punish this offender. Consecutive sentences would not be disproportionate to his conduct and the danger he poses. Some of these crimes were committed while under sanction or on bond, or while awaiting trial or sentencing. The harm was so great or unusual that a single term would not adequately reflect the

11

seriousness of the conduct, and the offender's criminal history show that consecutive terms are needed to protect the public from future crime. * * *'" (Sentencing T.p. 18-23).

{¶49} Also, in its February 8, 2017 judgments, the trial court indicated it had considered the record, oral statements, any victim impact statement, PSI report, and/or drug and alcohol evaluation based upon the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism sentencing factors under R.C. 2929.12 before imposing sentence.

{¶50} Accordingly, the record reflects the trial court gave due deliberation to the relevant statutory considerations. The court considered the purposes and principles of felony sentencing under R.C. 2929.11, and balanced the seriousness and recidivism factors under R.C. 2929.12, as evidenced from the record.

{¶51} Contrary to appellant's assertions that the trial court erred in sentencing him to ten years in prison because its findings under R.C. 2929.12 are not supported by the record and are contrary to law, the state aptly points out and the record establishes that appellant received the minimum sentences in three of his four cases and two of the prison sentences were mandatory. The court was not required to give any particular weight or emphasis to any given set of circumstances. *State v. Delmanzo*, 11th Dist. Lake No. 2007-L-218, 2008-Ohio-5856, ¶23. Rather, the court was merely required to consider the statutory factors in exercising its discretion. *Id.* As addressed, the record reveals the court did consider the requisite R.C. 2929.12 factors.

{¶52} Appellant was sentenced on felonies of the second, third, and fifth degrees, following guilty pleas in four cases. As stated, the trial court sentenced appellant to the following: (1) Case No. 2016 CR 000167, count one, illegal manufacture

12

of drugs, a felony of the second degree, in violation of R.C. 2925.04, five years, and count two, illegal assembly or possession of chemicals for the manufacture of drugs, a felony of the third degree, in violation of R.C. 2925.041, three years, for a total concurrent sentence of five years; (2) Case No. 16 CR 000342, theft, a felony of the fifth degree, in violation of R.C. 2913.02, six months; (3) Case No. 16 CR 000437, illegal assembly or possession of chemicals for the manufacture of drugs, a felony of the third degree, in violation of R.C. 2925.041, three years; and (4) Case No. 16 CR 000953, attempted burglary, a felony of the third degree, in violation of R.C. 2923.02 and 2911.12, 18 months. The sentences were ordered to be served consecutively for a total prison term of ten years. Thus, the court sentenced appellant within the statutory ranges under R.C. 2929.14(A), which states in part:

{¶53} "(2) For a felony of the second degree, the prison term shall be two, three, four, five, six, seven, or eight years.

{¶54} "(3)(a) For a felony of the third degree that is a violation of section 2903.06, 2903.08, 2907.03, 2907.04, 2907.05, or 3795.04 of the Revised Code or that is a violation of section 2911.02 or 2911.12 of the Revised Code if the offender previously has been convicted of or pleaded guilty in two or more separate proceedings to two or more violations of section 2911.01, 2911.02, 2911.11, or 2911.12 of the Revised Code, the prison term shall be twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months.

{¶55} "(b) For a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months.

13

{¶56} "* * *

{¶57} "(5) For a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months."

{¶58} Further, the record reveals the court properly advised appellant regarding post-release control. Therefore, the trial court complied with all applicable rules and statutes and, as a result, appellant's sentence is not clearly and convincingly contrary to law.

{¶59} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgments of the Lake County Court of Common Pleas are affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

DIANE V. GRENDELL, J.,

concur.

14