[Cite as *State v. Costello*, 2022-Ohio-3354.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No.  L-22-1004

      Appellee                                        Trial Court No.  CR0202102082

v.

William Costello                                   **DECISION AND JUDGMENT**

      Appellant                                      Decided:  September 23, 2022

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Lauren Carpenter, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**MAYLE, J.**

{¶ 1} Following a negotiated plea, the Lucas County Court of Common Pleas

convicted the defendant-appellant, William Costello, of five counts of pandering in child

pornography and sentenced him to serve a total maximum prison term of 33 years.  On

appeal, Costello argues that the record does not support the imposition of a prison sentence under R.C. 2929.11 and 2929.12. Costello concedes that the Ohio Supreme Court's decision of *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649 precludes this court from independently weighing the evidence in the record and substituting our judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12. Instead, he asks this court to ignore *Jones* on the basis that it violates his right to due process. For the following reasons, we affirm.

## I.     Background

{¶ 2} Costello was originally charged with 15 counts of pandering obscenity involving a minor, in violation of R.C. 2907.321(A)(1) and (C), all felonies of the second degree. Following negotiations, Costello pled guilty to Counts 1 through 5, and the state agreed not to prosecute the remaining counts. At the time of his plea, the trial court advised Costello that he faced up to 44 years in prison. The trial court accepted Costello's plea, found him guilty, and ordered a presentence investigation ("PSI") in advance of sentencing.

{¶ 3} At the sentencing hearing, the trial court heard statements from the prosecutor and defense counsel, and Costello spoke on his own behalf. After hearing the statements, the court reviewed the factors that it took into consideration when sentencing Costello, including the information in his PSI. Before concluding, the trial court

2.

reviewed the principles and purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. After considering all of this information, the trial court ordered Costello to serve six years in prison as to each count, to be served consecutively to one another, for a total minimum-stated prison term of 30 years, with a total indefinite stated prison term of three years as to each count, to be served concurrently to one another, for a total maximum stated prison term of 33 years.

{¶ 4} Costello appealed and raises the following assignment of error:

> *State v. Jones* cuts off Appellant's right of appellate review and as the prison sentence imposed in this case fails to serve the principles and purposes of sentencing it is imperative this Court recognize *State v. Jones* is a violation of Appellant's due process rights and review the trial court's sentence for compliance with R.C. 2929.11 and R.C. 2929.12. [Sic].

## II.     Discussion

{¶ 5} We review challenges to felony sentencing under R.C. 2953.08(G)(2), which provides that,

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and

3.

remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 6} Costello's underlying argument in this case is that the imposition of a prison term fails to comport with the principles and purposes of sentencing under R.C. 2929.11 and 2929.12.  But, as the Ohio Supreme Court has recognized, R.C. 2929.11 and 2929.12 are not listed in the statutory provisions under R.C. 2953.08(G)(2)(a).  *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649 ¶ 28.  Therefore, an appellate court may not rely upon R.C. 2953.08(G)(2)(a) to "modify or vacate a sentence based on the lack of support in the record for the trial court's finding under R.C. 2929.11 and 2929.12." *Id.* at ¶ 29.  Moreover, R.C. 2953.08(G)(2)(b) does not allow an appellate court to independently weigh the evidence and substitute its judgment for that of the trial court regarding the appropriate sentence under R.C. 2929.11 and 2929.12, or modify or vacate a sentence based on the lack of support in the record for the trial court's findings

4.

under those statutes. *Jones* at ¶ 39, 41-42; *see also State v. Toles*, 166 Ohio St.3d 397, 2021-Ohio-3531, 186 N.E.3d 784, ¶ 10 (Brunner, J., concurring) (R.C. 2953.08 "precludes second-guessing a sentence imposed by a trial court based on its weighing of the considerations in R.C. 2929.11 and 2929.12.").

{¶ 7} Therefore, as this court has repeatedly recognized, we cannot review a felony sentence "where—as here—the appellant's sole contention is that the trial court improperly considered the factors of R.C. 2929.11 or 2929.12 when fashioning [a] sentence." *State v. Stenson*, 6th Dist. Lucas No. L-20-1074, 2021-Ohio-2256, ¶ 9, citing *Jones* at ¶ 42, *rev'd on other grounds, sub nom. In re Cases Held for the Decision in State v. Maddox*, Slip Opinion No. 2022-Ohio-1352; *State v. Orzechowski*, 6th Dist. Wood No. WD-20-029, 2021-Ohio-985, ¶ 13 ("In light of *Jones*, assigning error to the trial court's imposition of sentence as contrary to law based solely on its consideration of R.C. 2929.11 and 2929.12 is no longer grounds for this court to find reversible error.").

{¶ 8} Costello concedes that "appellate review of a sentence for being 'contrary to law' can no longer look at whether that sentence meets the principles and purposes of sentencing under R.C. 2929.11 and 2929.12." Nonetheless, he asks us to do it anyway, on the basis that "[i]t is simply a denial of [his] due process rights for this Court to not review his sentence for complying with the principles and purposes of sentencing." Costello argues that R.C. 2953.08(G)(2) "expressly requires an appellate court to 'review the record, including the findings underlying the sentence.'" He continues that if *Jones* is

5.

interpreted so as to preclude review of "any findings made in [his] sentence," then he will be "denied his right to appeal under the Ohio Constitution."

{¶ 9} First and foremost, we do not have the authority to disregard *Jones*, which is binding precedent from the Supreme Court of Ohio. "As an intermediate appellate court, we are bound to follow precedent set by the Supreme Court of Ohio, and we cannot issue a decision in conflict with a decision of the Supreme Court that has not been reversed or overruled." *State v. Bruce,* 10th Dist. Franklin No. 21AP-376, 2022-Ohio-909, ¶ 39-40, quoting *State v. Tatom*, 10th Dist. No. 17AP-758, 2018-Ohio-5143, ¶ 24 (Rejecting argument to "ignore Ohio Supreme Court precedent and reverse [the defendant's sentence on the grounds that it fails to comport with the principles and purposes of sentencing] 'despite *Jones.*'").

{¶ 10} Second, *Jones* does not preclude appellate review of "any findings" made by a trial court in imposing a sentence. As recently explained by the Ohio Supreme Court in *State v. Bryant*:

> The narrow holding in *Jones* is that R.C. 2953.08(G)(2) does not allow an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *See Jones* at ¶ 31, 39. Nothing about that holding should be construed as prohibiting appellate review of a sentence when the claim is that the sentence was improperly imposed based on impermissible

6.

considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12. Indeed, in *Jones,* this court made clear that R.C. 2953.08(G)(2)(b) permits appellate courts to reverse or modify sentencing decisions that are "'otherwise contrary to law.'" *Jones* at ¶ 32, *quoting* R.C. 2953.08(G)(2)(b). This court also recognized that "otherwise contrary to law" means "'in violation of statute or legal regulations at a given time.' " *Id.* at ¶34 quoting Black's Law Dictionary 328 (6th Ed.1990). Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law. Claims that raise these types of issues are therefore reviewable.

Slip Opinion No. 2020-0599, 2022-Ohio-1878 (June 7, 2022), ¶ 22.

{¶ 11} Third, in response to Costello's claim that R.C. 295308(G)(2) requires us to "review * * * findings underlying the sentence," we agree. Post-*Jones*, it is clear that "although an appellate court lacks the authority to conclude that a *sentence* is unsupported by the record (which would entail substituting its judgment for that of the trial court), it may nonetheless conclude that certain *findings* are unsupported by the record under R.C. 2953.08(G)(2)(a), and then modify, remand, or vacate the sentence on that basis." *State v. Szozda,* 6th Dist. Lucas No. L-21-1026, 2022-Ohio-2294, ¶ 69, quoting *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 17

7.

(Mayle, concurring).  But, neither R.C. 2929.11 or 2929.12 are included within the purview of R.C. 2953.08(G)(2)(a)—which makes sense, given that "R.C. 2929.11 and 2929.12 * * * are not fact-finding statutes * * *.  Instead, they serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence." *Id.* at ¶ 71, quoting *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 17.

{¶ 12} For all of the foregoing reasons, we find that the present challenge is "squarely prohibited" under the authority of *Jones* and *Toles.  Toles* at ¶ 11.

### III.    Conclusion

{¶ 13} Costello's assignment of error is found not well taken, and the trial court's judgment is affirmed.  Costello is ordered to pay the costs of this appeal pursuant to App. R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

8.

Thomas J. Osowik, J.

Christine E. Mayle, J.

Myron C. Duhart, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions. Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.