[Cite as *State v. Michalski*, 2025-Ohio-4531.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-P-0003 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| TIMOTHY S. MICHALSKI, | |
| Defendant-Appellant. | Trial Court No. 2024 CR 00419 |

## OPINION AND JUDGMENT ENTRY

Decided: September 29, 2025
Judgment: Affirmed

*Connie J. Lewandowski*, Portage County Prosecutor, and *Theresa M. Scahill*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Justin M. Weatherly*, HMW Law Ohio Trial Attorneys, 1231 Superior Avenue, Suite 200, Cleveland, OH 44114 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1} Appellant, Timothy S. Michalski, appeals the judgment of the Portage County Court of Common Pleas finding him guilty on five counts of Pandering Sexually Oriented Matter Involving a Minor, second-degree felonies in violation of R.C. 2907.322, and one count of Possessing Criminal Tools, a fifth-degree felony in violation of R.C. 2923.24, and sentencing him to an aggregate indefinite prison term of eight to 12 years.

{¶2} Appellant raises a single assignment of error, arguing that the trial court erred by imposing a prison sentence rather than sentencing Appellant to a term of community control.

{¶3} Having reviewed the record and the applicable law, we find Appellant's assignment of error to be without merit. Appellant's sentences are not clearly and convincingly not supported by the record because the Pandering Sexually Oriented Matter Involving a Minor count under R.C. 2907.322 carried a presumption "that a prison term is necessary in order to comply with the purposes and principles of sentencing." R.C. 2929.13(D)(1). The trial court did not make the required findings under R.C. 2929.13(D)(2) to overcome this presumption in order to impose community control sanctions instead of a prison term.

{¶4} Therefore, we affirm the judgment of the Portage County Court of Common Pleas.

## Substantive and Procedural History

{¶5} On May 17, 2024, the Portage County Grand Jury indicted Appellant on a 28-count indictment: five counts of Pandering Sexually Oriented Matter Involving a Minor, second-degree felonies in violation of R.C. 2907.322; one count of Pandering Obscenity, a fifth-degree felony in violation of R.C. 2907.32; 14 counts of Pandering Sexually Oriented Matter Involving a Minor, fourth-degree felonies in violation of R.C. 2907.322; six counts of Illegal Use of a Minor in Nudity-Oriented Material or Performance, fifth-degree felonies in violation of R.C. 2907.323; one count of Pandering Obscenity Involving a Minor, a fourth-degree felony in violation of R.C. 2907.321; and one count of Possessing Criminal Tools, a fifth-degree felony in violation of R.C. 2923.24 with a forfeiture specification.

{¶6} On May 24, 2024, Appellant pled not guilty.

{¶7}     On October 23, 2024, Appellant withdrew his not guilty plea and entered a guilty plea to five counts of Pandering Sexually Oriented Matter Involving a Minor in violation of R.C. 2907.322 and one count of Possessing Criminal Tools in violation of R.C. 2923.24. In exchange for his plea, the State agreed to dismiss the remaining counts in the indictment. Appellant signed a written plea agreement that stated as to each of the Pandering Sexually Oriented Matter Involving a Minor counts that "there is A PRESUMPTION IN FAVOR OF PRISON."

{¶8}     The transcript of the plea hearing is not part of the record.

{¶9}     The matter was referred for a Presentence Investigation (PSI) and set for sentencing.

{¶10}   On December 30, 2024, the trial court held a sentencing hearing. The trial court asked Appellant's trial counsel to make a statement before sentencing. Trial counsel acknowledged that there was a presumption of incarceration for the Pandering Sexually Oriented Matter Involving a Minor offenses. However, counsel asked the court to consider overcoming the presumption of incarceration and impose community control by making both necessary findings contained in R.C. 2929.13(D)(2)(a) and (b). Trial counsel provided a lengthy argument for why Appellant's offenses were less serious and why recidivism was less likely. Appellant also made a statement. The prosecutor asked the trial court to impose a prison sentence.

{¶11}   The trial court said that it agreed with the State that this case involved young victims and said

> We have mothers in this room now that probably just want to give – want me to give you the maximum. Because, you know, it could be their children. And what I understand are these videos were very sick, very sick, very disturbing. And I don't understand why a reasonable person wouldn't reach

out and get help. But, again, as the prosecutor stated, you watched these over and over. You downloaded them over and over.

The Court has -- you know, wanted to fairly punish you. I've taken into consideration all of the conditions of sentencing. In weighing all the factors, a prison term is warranted in this matter.

{¶12} The trial court sentenced Appellant to an indefinite prison term of eight to 12 years on one count of Pandering Sexually Oriented Matter Involving a Minor, with concurrent eight year sentences on the remaining Pandering Sexually Oriented Matter Involving a Minor counts and a concurrent 12-month prison sentence on the Possessing Criminal Tools count, for an aggregate term of eight to 12 years.

{¶13} Appellant timely appealed, raising a single assignment of error.

**Assignment of Error and Analysis**

{¶14} Appellant's sole assignment of error states: "The trial court committed prejudicial error in sentencing the Defendant to a prison term. (T.d. 52)."

{¶15} Appellant argues that the trial court erred in sentencing him because the record did not support the trial court's imposition of a prison term. He argues that the trial court only briefly mentioned "weighing all the factors" in finding that a prison term was warranted, but that the seriousness and recidivism factors in R.C. 2929.12 actually support a finding that a community control sanction was appropriate. Although he acknowledges that his "viewing the material re-victimized the victims," he argues that his offenses were less serious under R.C. 2929.12. He also argues that there were grounds to mitigate his conduct because the dissemination of the materials occurred "on a

Case No. 2025-P-0003

technicality as the software used to download the material automatically allows others to download it from [Appellant]."[1]

{¶16} Based on these arguments, Appellant contends that the trial court should have overcome the presumption of incarceration as provided in R.C. 2929.13(D)(1).

{¶17} The standard of review for felony sentences is governed by R.C. 2953.08(G)(2), which provides:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶18} In *State v. Jones*, 2020-Ohio-6729, the Supreme Court of Ohio explained the application of R.C. 2953.08(G)(2) in relation to R.C. 2929.11 and 2929.12. The *Jones* Court determined that R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a). *Id*. at ¶ 28. Therefore, contrary to the Court's prior "dicta" in *State v. Marcum*, 2016-Ohio-1002, R.C. 2953.08(G)(2)(a) does not provide a basis for an appellate court to modify or vacate a sentence based on the lack

---

1. We detail several distinct categories of harm caused by child pornography in *State v. Blaskis*, 2025-Ohio-1896, ¶ 21 (11th Dist.). "The United States Supreme Court has long held that 'the distribution of photographs and films depicting sexual activity by juveniles is intrinsically related to the sexual abuse of children.'" *Id.*, quoting *New York v. Ferber*, 458 U.S. 747, 759 (1982).

Case No. 2025-P-0003

of support in the record for the trial court's findings under R.C. 2929.11 and 2929.12. *Id.* at ¶ 29.

{¶19} Although R.C. 2953.08(G)(2)(b) permits an appellate court to review whether a sentence is "otherwise contrary to law, the *Jones* Court determined that this phrase is not "equivalent" to "an appellate court's conclusion that the record does not support a sentence under R.C. 2929.11 or 2929.12." *Id.* at ¶ 34. Thus, the *Jones* Court held that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42.

{¶20} R.C. 2929.13 provides in relevant part:

(D)(1) Except as provided in division (E) or (F) of this section, for a felony of the first or second degree, . . . it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code. . . .

(2) Notwithstanding the presumption established under division (D)(1) of this section for the offenses listed in that division . . . , the sentencing court may impose a community control sanction or a combination of community control sanctions instead of a prison term on an offender for a felony of the first or second degree . . . if it makes both of the following findings:

(a) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.

(b) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.

{¶21} If a trial court makes the findings required under R.C. 2929.13(D)(2)(a) and (b) to impose a community control sanction rather than a term of presumptive incarceration, the trial court "must consider the applicable factors in R.C. 2929.12." *State v. Will*, 2019-Ohio-3906, ¶ 13 (10th Dist.). Therefore, a review of whether the trial court appropriately made these findings must comport with R.C. 2953.08(G) to determine whether the trial court made the required findings and whether, by clear and convincing evidence, the record does not support those findings or is otherwise contrary to law. *Id.*

{¶22} However, where an appellant does not appeal the findings the trial court made under R.C. 2929.13(D)(2)(a) and (b) but rather appeals "the lack of findings and the failure to impose community control sanctions instead of a prison term," R.C. 2953.08(G)(2) does not "authorize[] this form of review." *State v. Ortiz-Rojas*, 2016-Ohio-5138, ¶ 7 (8th Dist.).

{¶23} Appellant's assignment of error asks this Court to review whether the trial court ought to have overcome the presumption of incarceration and make the findings in R.C. 2929.13(D)(2)(a) and (b). However, R.C. 2953.08 "specifically precludes review of the imposed sentence." *Id.* at ¶ 8. This is because nothing in that statute "permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones*, 2020-Ohio-6729, at ¶ 42.

{¶24} Accordingly, Appellant's sole assignment of error is without merit.

{¶25} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas is affirmed.


ROBERT J. PATTON, P.J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-P-0003

## JUDGMENT ENTRY

For the reasons stated in the opinion of this court, Appellant's assignment of error is without merit.  It is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas is affirmed.

Costs to be taxed against Appellant.

JUDGE JOHN J. EKLUND

PRESIDING JUDGE ROBERT J. PATTON,
concurs

JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-P-0003