[Cite as *State v. Mann*, 2025-Ohio-5467.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

STATE OF OHIO,

        Plaintiff-Appellee,

- vs -

CAMERON DUPREE MANN,

        Defendant-Appellant.

**CASE NOS. 2025-A-0040**
**2025-A-0041**
**2025-A-0042**
**2025-A-0043**

Criminal Appeals from the
Court of Common Pleas

Trial Court Nos. 2023 CR 00173
2023 CR 00259
2023 CR 00177
2023 CR 00176

---

## OPINION AND JUDGMENT ENTRY

Decided: December 8, 2025
Judgment: Affirmed

---

*April R. Grabman*, Ashtabula County Prosecutor, and *Dane R. Hixon*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Margaret Brunarski*, Ashtabula County Public Defender, and *Edith M. Jonas*, Assistant Public Defender, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

JOHN J. EKLUND, J.

{¶1}    Appellant, Cameron Dupree Mann, appeals the judgments of the Ashtabula County Court of Common Pleas sentencing him to a prison term of 24 months.

{¶2}    Appellant raises a single assignment of error, arguing that the trial court erred by imposing a prison sentence rather than sentencing Appellant to a term of community control.

{¶3}    Having reviewed the record and the applicable law, we find Appellant's assignment of error to be without merit. Appellant's sentences are not clearly and convincingly contrary to law because the third-degree felony count of Aggravated Possession of Drugs to which he pled guilty carried a presumption "that a prison term is necessary in order to comply with the purposes and principles of sentencing." R.C. 2929.13(D)(1). The trial court did not make the required findings under R.C. 2929.13(D)(2) to overcome this presumption and impose community control sanctions instead of a prison term.

{¶4}    Therefore, we affirm the judgments of the Ashtabula County Court of Common Pleas.

**Substantive and Procedural History**

{¶5}    On May 30, 2023, the Ashtabula County Grand Jury indicted Appellant in four separate cases: Case No. 2023 CR 001173, Case No. 2023 CR 00176, Case No. 2023 CR 00177, and Case No. 2023 CR 00259.

{¶6}    On April 4, 2025, Appellant was arraigned and pled not guilty in all cases.

{¶7}    On May 21, 2025, Appellant withdrew his plea of not guilty and entered a plea of guilty to the following:

{¶8}    In Case No. 2023 CR 00173: one count of Aggravated Possession of Drugs, a fifth-degree felony, one count of OVI, and one count of Driving Under OVI Suspension. The State dismissed Count Two, Possession of Drugs.

{¶9}    In Case No. 2023 CR 00176: one count of Aggravated Possession of Drugs, a fifth-degree felony, and one count of OVI. The State dismissed Count Three, Driving Under OVI Suspension.

Case Nos. 2025-A-0040, 2025-A-0041, 2025-A-0042, 2025-A-0043

{¶10} In Case No. 2023 CR 00177: one count of Possession of a Fentanyl-Related Compound, a fourth-degree felony, and one count of OVI. The State dismissed Count Two, Possession of Cocaine.

{¶11} In Case No. 2023 CR 00259: one count of Aggravated Possession of Drugs, a third-degree felony, and one count of Possession of a Fentanyl-Related Compound, a fourth-degree felony. The written plea agreement states that there is a presumption of prison for the Aggravated Possession of Drugs offense.

{¶12} Each of the drug offenses to which Appellant pled guilty is a drug offense that violates a provision of R.C. 2925.11.

{¶13} The written plea agreements in all the cases contained a sentencing recommendation from the State that Appellant undergo a Pre-Sentence Investigation (PSI) and receive "community control if qualified."

{¶14} During the plea colloquy, the trial court asked if Appellant understood that the trial court was "not bound by any plea recommendation or sentencing agreement, I am free to impose whatever sentence I believe to be appropriate up to the maximum sentence permitted by law[.]" Appellant said that he understood.

{¶15} The trial court ordered a PSI and set the matter for sentencing.

{¶16} On May 27, 2025, Appellant filed a Motion to Withdraw Guilty Plea. The trial court denied this motion on June 23, 2025.

{¶17} The trial court continued the scheduled sentencing date because Appellant had not yet submitted to the PSI interview. After continuing the hearing, Appellant completed all necessary steps for the completion of the PSI, and the PSI was revised and completed.

Case Nos. 2025-A-0040, 2025-A-0041, 2025-A-0042, 2025-A-0043

{¶18} On July 17, 2025, the trial court held a sentencing hearing. The trial court said that Appellant had a history of criminal conduct spanning 15 to 20 years, "[w]hich is truly remarkable when you consider that he's only age thirty-one . . . ." The trial court also said that Appellant had been to prison and "been in the county jail on numerous occasions." The trial court said that it considered the purposes of felony sentencing and the seriousness and recidivism factors and concluded that the State's recommendation was not an appropriate sentence. The trial court said that Appellant had "a very high risk assessment score" according to the PSI.

{¶19} In Case No. 2023 CR 00259, the trial court sentenced Appellant to 24 months in prison on the Aggravated Possession of Drugs count and said, "there is a presumption for prison on that particular sentence." The trial court also imposed an 18-month sentence on the Possession of a Fentanyl-Related Compound count to run concurrently. In the remaining criminal cases, the trial court sentenced Appellant to prison sentences to be served concurrently to Case No. 2023 CR 00259.

{¶20} The trial court concluded the sentencing hearing by telling Appellant that "[s]ome people reach the point where we just have to put them away, warehouse them to prevent them from having additional criminal conduct, hurting somebody, or hurting themselves." The trial court told Appellant that his prison sentence was intended to be an opportunity to make changes in his life and take advantage of any prison programs available to him to "come back and have a different life. But if you don't, you know what's gonna happen in this matter."

{¶21} Appellant timely appealed, raising a single assignment of error.

**Assignment of Error and Analysis**

Case Nos. 2025-A-0040, 2025-A-0041, 2025-A-0042, 2025-A-0043

{¶22} Appellant's sole assignment of error states: "The trial court's sentence must be reversed and remanded as contrary to law."

{¶23} Appellant has not raised any issue relating to his plea or to the trial court's denial of his Motion to Withdraw Guilty Plea.

{¶24} Appellant argues first that the trial court erred in sentencing him to prison despite the joint recommendation that he receive community control. He suggests the trial court did not even consider the joint recommendation or the parties' expressed reasoning for making it. He also asserts the trial court and the sentence imposed reflected an inappropriately punitive focus not supported by Ohio's felony sentencing statutes, and the court was instead overly concerned with punishing criminal conduct rather than protecting the public based on the trial court's statement that "[s]ome people reach the point where we just have to put them away, warehouse them to prevent them from having additional criminal conduct, hurting somebody, or hurting themselves."

{¶25} First, "[i]t is well-established that 'trial courts may reject plea agreements and that they are not bound by a jointly recommended sentence.'" *State v. Manyo*, 2023-Ohio-267, ¶ 20 (11th Dist.), quoting *State v. Underwood*, 2010-Ohio-1, ¶ 28. "A trial court does not err by imposing a sentence greater than 'that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties, including the possibility of imposing a greater sentence than that recommended by the prosecutor.'" *State v. Buchanan*, 2003-Ohio-4772, ¶ 13 (5th Dist.), quoting *State v. Pettiford*, 2002 WL 652371, *3 (12th Dist. Apr. 22, 2002). There is no requirement that the trial court provide reasons for rejecting a sentencing recommendation. *State v. Martinez*, 2004-Ohio-6806, ¶ 17 (7th Dist.).

Case Nos. 2025-A-0040, 2025-A-0041, 2025-A-0042, 2025-A-0043

{¶26}  In this case, Appellant was indeed forewarned that the trial court was under no obligation to accept the joint recommendation and that it could choose to impose a greater sentence than the one the parties recommended to the trial court. Although the trial court did not have to, it stated its reasoning for imposing a prison sentence rather than adopting the joint recommendation. Therefore, Appellant's argument is not well taken.

{¶27} Second, Appellant's argument that the trial court overemphasized punishment and that his sentence was therefore contrary to law is also without merit. Appellant pled guilty to a third-degree felony Aggravated Possession of Drugs count, which carried a presumption of prison. *See* R.C. 2929.13(E)(1).

{¶28} Our standard of review of felony sentences is governed by R.C. 2953.08(G)(2), which provides:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard of review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶29}  In *State v. Jones*, 2020-Ohio-6729, the Supreme Court of Ohio explained the application of R.C. 2953.08(G)(2) in relation to R.C. 2929.11 and 2929.12. The *Jones*

Court determined that R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a). *Id*. at ¶ 28. Therefore, contrary to the Court's prior "dicta" in *State v. Marcum*, 2016-Ohio-1002, R.C. 2953.08(G)(2)(a) does not provide a basis for an appellate court to modify or vacate a sentence based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and 2929.12. *Id*. at ¶ 29.

{¶30} R.C. 2953.08(G)(2)(b) permits an appellate court to review whether a sentence is "otherwise contrary to law." But, in *Jones* the Court determined that this phrase is not "equivalent" to "an appellate court's conclusion that the record does not support a sentence under R.C. 2929.11 or 2929.12." *Id*. at ¶ 34. Thus, the *Jones* Court held that "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id*. at ¶ 42. That is precisely what Appellant wants us to do, but we cannot.

{¶31} Finally, it is clear that the Aggravated Possession of Drugs violation to which Appellant pled guilty is a third-degree felony drug offense for which "there is a presumption for a prison term for the offense." R.C. 2925.11(C)(1)(b).

{¶32} R.C. 2929.13(D)(1) creates a presumption for first- and second-degree felonies and for a felony drug offense that is a violation of any part of R.C. Ch. 2925 and for which a presumption in favor of a prison term is specified as being applicable. The presumption is "that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code." Whether to apply that presumption to third-, fourth-, or fifth-degree felony drug offenses is to be determined "as specified in section . . . 2925.11 . . . of the Revised Code . . . ." R.C. 2929.13(E)(1).

{¶33} The presumption may be rebutted and community control imposed upon the offender if the sentencing court makes the findings set forth in R.C. 2929.13(D)(2)(a) and (b).

{¶34} In accordance with the above statutes, Appellant's guilty plea to R.C. 2925.11 for a third-degree offense of Aggravated Possession of Drugs "carried a rebuttable presumption in favor of a prison term," subject to R.C. 2929.13(D)(2). *State v. Bazar*, 2021-Ohio-3305, ¶ 16 (7th Dist.); *State v. Evans*, 2020-Ohio-736, ¶ 30 (11th Dist.).

{¶35} Appellant's assignment of error asks this Court to review whether the trial court's attitude during sentencing reflected an inappropriate emphasis on punishment. However, the trial court did not make any findings pursuant to R.C. 2929.13(D)(2) to overcome the presumption of a prison sentence. R.C. 2953.08(G) only permits our review of the "sentencing court's findings under division (B) or (D) of section 2929.13[.]" R.C. 2953.08(G)(2)(a). Where, as here, a prison sentence is presumed, R.C. 2953.08 "specifically precludes review of the imposed sentence" under R.C. 2929.13(D) because there are no underlying findings that this Court can review. *State v. Ortiz-Rojas*, 2016-Ohio-5138, ¶ 7 (8th Dist.); *State v. Michalski*, 2025-Ohio-4531, ¶ 22 (11th Dist.). This is because nothing in that statute "permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones*, 2020-Ohio-6729, at ¶ 42.

{¶36} Accordingly, Appellant's sole assignment of error is without merit.

{¶37} For the foregoing reasons, the judgments of the Ashtabula County Court of Common Pleas are affirmed.


MATT LYNCH, J.,

EUGENE A. LUCCI, J.,

concur.

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, Appellant's assignment of error is without merit.  It is the judgment and order of this court that the judgments of the Ashtabula County Court of Common Pleas are affirmed.

Costs to be taxed against Appellant.


JUDGE JOHN J. EKLUND


JUDGE MATT LYNCH,
concurs


JUDGE EUGENE A. LUCCI,
concurs

---

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

---

Case Nos. 2025-A-0040, 2025-A-0041, 2025-A-0042, 2025-A-0043