[Cite as *State v. Santiago*, 2025-Ohio-5862.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2025-A-0016 |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| SANTO VERA SANTIAGO, | |
| Defendant-Appellant. | Trial Court No. 2025 CR 00009 |

## OPINION AND JUDGMENT ENTRY

Decided: December 31, 2025
Judgment: Affirmed

*April R. Grabman*, Ashtabula County Prosecutor, and *Dane R. Hixon*, Assistant Prosecutor, 25 West Jefferson Street, Jefferson, OH 44047 (For Plaintiff-Appellee).

*Margaret Brunarski*, Ashtabula County Public Defender, and *Phillip L. Heasley*, Assistant Public Defender, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).

ROBERT J. PATTON, P.J.

{¶1} Defendant-appellant, Santo Vera Santiago ("Santiago"), appeals the decision of the Ashtabula County Court of Common Pleas, sentencing him to 16 months in prison for grand theft of a motor vehicle, and 10 months in prison for receiving stolen property. For the following reasons, we affirm.

{¶2} This appeal stems from Santiago's conviction for grand theft of a motor vehicle and receiving stolen property, after Santiago took a friend's vehicle and credit card without her permission. Santiago timely appeals the trial court's sentence asserting that it was contrary to law and that the trial court erred by imposing prison instead of

community control. Santiago further asserts that the trial court disregarded the mandates of R.C. 2929.11.

{¶3}   After a thorough review of the record and pertinent law, we find that the trial court met its obligations under R.C. 2929.11, and that Santiago's sentence was within the statutory range for the offenses. Further, the trial court was under no obligation to accept the State's sentencing recommendation. Accordingly, we affirm the judgment of the Ashtabula County Court of Common Pleas.

### Substantive and Procedural Facts

{¶4}   Around December 24, 2024, Santiago texted a friend asking her if he could take a shower at her home because he was homeless. The friend agreed, and the next morning she woke up and discovered her keys were missing, and her 2015 Impala along with credit cards and a necklace were gone. After reviewing her doorbell camera, she discovered that Santiago had taken the vehicle in the middle of the night. When Santiago was arrested, he was in possession of one of her credit cards.  Another credit card and the necklace were not recovered.

{¶5}   Santiago pleaded no contest on March 5, 2025, and was convicted of grand theft of a motor vehicle, in violation of R.C. 2913.02(A)(1) and (B)(5), a felony of the fourth degree ("Count 1"), and receiving stolen property, in violation of R.C. 2913.51(A) and (C), a felony of the fifth degree ("Count 2"). On March 25, 2025, the trial court sentenced Santiago to 16 months on Count 1, and 10 months on Count 2 running concurrently with the sentence on Count 1. The parties agreed that Santiago had 92 days of jail credit. Prior to sentencing the trial court indicated, on the record, that it reviewed the presentence investigation report ("PSI") and noted that a joint recommendation for community control

Case No. 2025-A-0016

was entered by the State and defense counsel. The trial court further noted that it reviewed the purposes and principles of felony sentencing and seriousness and recidivism factors on the record. Santiago now timely appeals that sentence.

## Assignment of Error

{¶6} Santiago asserts one assignment of error on appeal:

{¶7} "The trial court's sentence must be reversed and remanded as contrary to law."

{¶8} In his only assignment of error, Santiago contends that the trial court's sentence did not comply with the mandates of R.C. 2929.11. Santiago further takes issue with the fact that the State recommended community control, which he asserts the trial court disregarded.

## Standard of Review

{¶9} Review of felony sentencing is governed by R.C. 2953.08(G)(2). *State v. Amero*, 2024-Ohio-1007, ¶ 22 (11th Dist.), citing *State v. Marcum*, 2016-Ohio-1002, ¶ 21. R.C. 2953.08(G)(2) states in relevant part:

> The court hearing an appeal . . . shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings . . . ;

Case No. 2025-A-0016

(b) That the sentence is otherwise contrary to law.

R.C. 2953.08(G)(2).

{¶10} A sentence is contrary to law if the trial court fails to consider the purposes and principles of felony sentencing in R.C. 2929.11 and the sentencing factors in R.C. 2929.12, or if it falls outside the statutory range for the offense. *State v. Gaspare*, 2024-Ohio-2508, ¶ 10 (11th Dist.), quoting *State v. Lamb*, 2023-Ohio-2834, ¶ 10 (11th Dist.), quoting *State v. Shannon*, 2021-Ohio-789, ¶ 11 (11th Dist.). Accordingly, our review is limited to whether the trial court's sentence was contrary to law.

{¶11} In determining whether a trial court's sentence was contrary to law, this court recently noted that "R.C. 2953.08(G)(2)(a) does not provide a basis for an appellate court to modify or vacate a sentence based on the lack of support in the record for the trial court's findings under R.C. 2929.11 and R.C. 2929.12." *State v. Michalski*, 2025-Ohio-4531, ¶ 18 (11th Dist.), citing *Marcum* at ¶ 29. Our decision in *Michalski* also reiterated the Supreme Court of Ohio's admonition set forth in *State v. Jones*, 2025-Ohio-4351, "[n]othing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Michalski* at ¶ 19, citing *Jones* at ¶ 42. Therefore, a reviewing court is limited to a "contrary to law" analysis as R.C. 2953.08(G)(2) prohibits any substitution of judgment to conform with the provisions of R.C. 2929.11 and 2929.12.

{¶12} In the present appeal, Santiago contends that the trial court disregarded the sentencing purposes in R.C. 2929.11. The record reflects that the trial court did consider

the purposes of felony sentencing as enumerated in R.C. 2929.11(A), which states in relevant part:

> A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

R.C. 2929.11(A).

{¶13}   At the March 25, 2025 sentencing hearing, the trial court explained:

> So the Court is familiar with the facts of the offense pled to. In addition, the Court had an opportunity to review your past criminal record. So there's several juvenile adjudications listed. And also, at the adult level your record begins, looks like in 2010 and you had a couple felony convictions with prison sentences. And then in 2017 you were placed on community control in two cases for felony convictions. And then it appears that you had probation violations in those two cases and then you were sentenced to prison in both of them. Additional felony convictions in 2021 in two cases. You were sentenced to prison and incarceration.
>
> So this is a concern here to the Court. Also, it notes that here on your supervision that you violated parole in the 21 CR 275 and 276 cases.
>
> Now, the Court's considered the purposes and principles of the sentencing statutes, as the overriding purposes are to punish the offenders and to protect the public from future crime. The Court's considered both recidivism and seriousness factors.[1]

---

1. We acknowledge that the trial court stated that it had considered two of the purposes of felony sentencing: protecting the public from future crime and punishing the offender. It did not say that it considered the third overriding purpose, rehabilitation. The sentencing entry similarly makes no mention of rehabilitation as a

Case No. 2025-A-0016

{¶14} The trial court clearly indicated that it considered the required factors in R.C. 2929.11. Further, Santiago was convicted of grand theft of a motor vehicle, a felony of the fourth degree, and receiving stolen property, a felony of the fifth degree. R.C. 2929.13(B)(1)(b) states:

> The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:
>
> (ix) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

R.C. 2929.13(B)(1)(b).

{¶15} R.C. 2929.14(A)(4) indicates that the trial court had discretion to impose up to 18 months on Santiago's fourth-degree felony conviction, and R.C. 2929.14(A)(5) indicates that the trial court could impose up to 12 months on Santiago's fifth-degree felony conviction. The trial court imposed 16 months on Count 1, Santiago's fourth-degree felony conviction, and 10 months on Count 2, Santiago's fifth-degree felony conviction, running concurrently to the Count 1 sentence. The trial court's sentence was well within the statutorily permitted range.

{¶16} To the extent that Santiago asks this court to reweigh the evidence and substitute its judgment for that of the trial court's, the Supreme Court of Ohio precludes such a review. *See State v. Corrao*, 2024-Ohio-144, ¶ 7 (11th Dist.), quoting *State v. Haynes*, 2022-Ohio-4464, ¶ 38 (11th Dist.), quoting *State v. Stanley*, 2021-Ohio-549, ¶

purpose that was considered. Despite the trial court's omission, consideration of the guiding purposes and relevant factors is presumed unless the defendant, in this case Santiago, can demonstrate the contrary. *State v. Jones*, 2014-Ohio-29, ¶ 13 (8th Dist.).

Case No. 2025-A-0016

10 (11th Dist.), quoting *Jones*, 2020-Ohio-6729 at ¶ 39; *Michalski*, 2025-Ohio-4531 at ¶ 18-19, quoting *Jones* at ¶ 42.

{¶17} Regarding Santiago's contention that the trial court should have followed the State's sentencing recommendation, it was under no obligation to do so.

> "[A] court is not bound to accept the prosecutor's recommended sentence as a part of a negotiated plea agreement." *State v. Mayle*, 11th Dist. Ashtabula No. 2002-A-0110, 2004-Ohio-2203, ¶ 14. While Crim.R. 11(C)(2)(a) requires the court to inform a defendant of the "maximum penalty involved" before accepting the defendant's plea, the rule "'does not contemplate that punishment will be a subject of plea bargaining.'" *Id.*, quoting *State v. Mathews*, 8 Ohio App.3d 145, 146, 456 N.E.2d 539 (10th Dist.1982). Rather, punishment is "'a matter either determined expressly by statute or lying with the sound discretion of the trial court.'" *Id.* quoting *Mathews* at 146.

*State v. Pal*, 2021-Ohio-3706, ¶ 20 (11th Dist.). As such the trial court was within its discretion to impose prison and disregard the recommendation for community control.

{¶18} As the trial court's sentence was within the statutory range for the offenses Santiago was convicted of, and the record indicates that the trial court considered R.C. 2929.11, Santiago's sentence was not contrary to law. Accordingly, Santiago's sole assignment of error is without merit.

{¶19} For the reasons set forth above, the judgment of the Ashtabula County Court of Common Pleas is affirmed.

JOHN J. EKLUND, J.,

SCOTT LYNCH, J.,

concur.

Case No. 2025-A-0016

# JUDGMENT ENTRY

For the reasons stated in the opinion of this court, appellant's assignment of error is without merit. It is the judgment and order of this court that the judgment of the Ashtabula County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

_____
PRESIDING JUDGE ROBERT J. PATTON

_____
JUDGE JOHN J. EKLUND,
concurs

_____
JUDGE SCOTT LYNCH,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-A-0016