[Cite as *State v. Tyes*, 2026-Ohio-973.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2025-P-0029** |
| Plaintiff-Appellee, | |
| - vs - | Criminal Appeal from the Court of Common Pleas |
| JULIAN A. TYES, | |
| Defendant-Appellant. | Trial Court No. 2023 CR 00183 |

## OPINION AND JUDGMENT ENTRY

Decided: March 23, 2026
Judgment: Affirmed

*Connie J. Lewandowski*, Portage County Prosecutor, and *Theresa M. Scahill* and *Daniel Sallerson*, Assistant Prosecutors, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Michael A. Partlow*, P.O. Box 1562, 3435 Kent Road, Stow, OH 44224 (For Defendant-Appellant).

SCOTT LYNCH, J.

{¶1} Defendant-appellant, Julian A. Tyes, appeals from the judgment of the Portage County Court of Common Pleas, sentencing him to prison for Involuntary Manslaughter, Corrupting Another with Drugs, and Aggravated Trafficking in Drugs. For the following reasons, we affirm the judgment of the lower court.

{¶2} On February 16, 2023, the Portage County Grand Jury indicted Tyes for two counts of Involuntary Manslaughter, felonies of the first degree, in violation of R.C. 2903.04; two counts of Corrupting Another with Drugs, felonies of the second degree, in violation of R.C. 2925.02; Trafficking in Cocaine, a felony of the fourth degree, in violation

of R.C. 2925.03; Aggravated Trafficking in Drugs, a felony of the fourth degree, in violation of R.C. 2925.03; Possessing Criminal Tools, a felony of the fifth degree, in violation of R.C. 2923.24; and Tampering with Evidence, a felony of the third degree, in violation of R.C. 2921.12.

{¶3} Tyes entered guilty pleas to two counts of Involuntary Manslaughter, two counts of Corrupting Another with Drugs, and one count of Aggravated Trafficking in Drugs at a January 24, 2025 plea hearing. The convictions related to Tyes' sale of cocaine containing fentanyl to two victims which resulted in their deaths. The remaining charges were dismissed.

{¶4} The court held a sentencing hearing on May 19, 2025. Prior to sentencing, Tyes had been released on furlough to address criminal matters in other courts. At sentencing, counsel indicated that Tyes had not returned as required, "cut off his bracelet," and was arrested by marshals. Defense counsel stated that Tyes had used the time away to get his affairs in order, knowing he was going to prison.

{¶5} Regarding the offenses, defense counsel indicated that Tyes was a "middleman," did not alter the drugs, did not intend to cause harm, and was remorseful. Tyes apologized for not returning after furlough. He stated that he had mental health issues, understood the impact of the victims' death given his recent loss of his mother, and expressed that he took responsibility through entering his guilty plea. The State indicated that one of the victims sent Tyes a text message expressing concern regarding fentanyl and Tyes "reassured her that the cocaine he was selling would be pure." The State emphasized Tyes' long criminal history including drug trafficking, assault, and gross sexual imposition, and noted he had two recent parole violations and three pending

cases. It requested a 20-year prison term.

{¶6} The court stated that it considered the principles of sentencing including protecting the public, punishing Tyes using the minimum sanctions necessary, incapacitation, deterrence, rehabilitation, and restitution. The court ordered Tyes to serve the following sentence: consecutive prison terms of eight to twelve years for each count of Involuntary Manslaughter; four to six years for each count of Corrupting Another with Drugs, to run concurrent with all offenses; and eighteen months for Aggravated Trafficking in Drugs, to run consecutive to the Involuntary Manslaughter sentences.

{¶7} Tyes timely appeals and raises the following assignment of error:

{¶8} "The trial court erred by sentencing appellant to sentences to be served consecutively, as the record does not support such a sentence."

{¶9} Tyes argues that the record "clearly and convincingly indicates that the Trial Court should have imposed sentences in the case at bar to be served concurrently," pointing to his lack of intent and expressed remorse.

**Standard for Review of Felony Sentences**

{¶10} "The court hearing an appeal [of a felony sentence] shall review the record, including the findings underlying the sentence . . . given by the sentencing court." R.C. 2953.08(G)(2). "The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing . . . if it clearly and convincingly finds . . . [t]hat the record does not support the sentencing court's findings under division . . . (C)(4) of section 2929.14 . . . [or] [t]hat the sentence is otherwise contrary to law." *Id.*; *State v. Marcum*, 2016-Ohio-1002, ¶ 1.

Case No. 2025-P-0029

{¶11} As an initial matter, Tyes takes issue with the standard of review utilized in sentencing cases. He contends that an abuse of discretion standard should apply and that "the current standard of review for felony sentencing amounts to no review at all," it does not protect a defendant's due process rights, and does not provide for a "meaningful" review of the sentence.

{¶12} We observe that courts have consistently held that an abuse of discretion standard does not apply to sentencing, as such review has been abrogated by the Ohio Supreme Court. *State v. Miller*, 2025-Ohio-339, ¶ 20 (11th Dist.), citing *Marcum* at ¶ 10 ("we hold that appellate courts may not apply the abuse-of-discretion standard in sentencing-term challenges"); *State v. Garcia*, 2021-Ohio-4480, ¶ 76 (11th Dist.).

{¶13} As to consecutive sentences, in conducting our review, this court considers whether the record supports the trial court's consecutive sentencing findings. *See State v. Harnish*, 2025-Ohio-431, ¶ 22 (11th Dist.) (finding that "[t]he record supports the imposition of consecutive sentences"). Contrary to Tyes' argument, this constitutes a "meaningful" review of the consecutive sentences. The Ohio Supreme Court, in *State v. Glover*, 2024-Ohio-5195, held that an appellate court "must examine the evidence in the record that supports the trial court's findings. And it may modify or vacate the sentence only if it 'clearly and convincingly' finds that the evidence does not support the trial court's R.C. 2929.14(C)(4) findings." *Id.* at ¶ 45.

{¶14} Tyes takes issue with *Glover*, contending that the opinion did not "contain a clear majority decision" and the justices "could not agree upon the precise standard of review concerning consecutive sentencing." In applying *Glover*, this court has recognized that the four justices' agreement that an appellate court should consider a defendant's

aggregate prison term when reviewing consecutive sentences requires some assessment of the aggregate term. *State v. Billings*, 2024-Ohio-6000, ¶ 41 (11th Dist.). Regardless of whether *Glover* created some confusion over the standard, Tyes does not justify how it invalidates the statutory requirements for reviewing whether a consecutive sentence is contrary to law or requires application of an abuse of discretion standard.

{¶15} While Tyes argues that his sentences should be served concurrently, it appears he also takes issue with the application of the standard of review relating to R.C. 2929.11 and .12, those statutes relating to the purposes and principles of sentencing and felony sentencing factors. This court has consistently applied *State v. Jones*, 2020-Ohio-6729, which holds: "Nothing in R.C. 2953.08(G)(2) permits an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42; *State v. Hall*, 2025-Ohio-5281, ¶ 24 (11th Dist.); *State v. Santiago*, 2025-Ohio-5862, ¶ 16 (11th Dist.). Tyes was afforded the opportunity to have the trial court consider the factors relating to his sentence as is required under the sentencing statutes. A similar argument that *Jones* violates due process because it "cuts off Appellant's right of appellate review" has been rejected, with the appellate court noting that we must follow Supreme Court precedent and that review is still permitted on issues such as whether a sentence was imposed based on impermissible considerations. *State v. Costello*, 2022-Ohio-3354, ¶ 4, 9-10 (6th Dist.). In the absence of contrary authority, we must apply the Supreme Court's authority on appellate review of sentencing.

**Consecutive Sentences**

{¶16} Tyes argues that his sentences should have been ordered to be served

Case No. 2025-P-0029

concurrently. A trial court may order consecutive terms if it finds it is "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," and finds any of the R.C. 2929.14(C)(4)(a)-(c) factors are present. Here, the court found all of the (C)(4)(a)-(c) factors to be present: he committed the offenses while awaiting sentencing or under a sanction or post-release control; the offenses were part of a course of conduct and the harm was so great that no single prison term adequately reflects the seriousness of the conduct; and his history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public. It also made the other required findings under (C)(4) outlined above. It met the requirement to "make the[se] finding[s] . . . at the sentencing hearing and incorporate its findings into its sentencing entry." (Citation omitted.) *State v. Elliott*, 2023-Ohio-412, ¶ 9 (11th Dist.).

{¶17} Further, the consecutive sentencing findings were supported by the record. Tyes' criminal history supported the conclusions that he posed a danger to the community and was at risk of reoffending. *See Hall* at ¶ 16. Tyes had multiple past felony convictions, had violated parole, and was given a furlough during the pendency of the present matter to deal with criminal charges in other counties, from which he failed to return. Further, the sentencing hearing demonstrated the danger posed where the victim inquired about fentanyl, was promised by Tyes that it would not be present in the cocaine he provided, and she then died from drugs containing fentanyl. His expressed remorse or lack of intent to cause harm to the victims does not render these findings inadequate or the order of consecutive sentences contrary to law. Since the court made the required

Case No. 2025-P-0029

findings and they are supported by the record, we find no error relating to the imposition of consecutive sentences.

**Consideration of R.C. 2929.11 and .12 Sentencing Factors**

{¶18} While Tyes' assigned error asserts that he should not have received consecutive sentences, his argument also relates to the sentencing principles and factors under R.C. 2929.11 and .12. Specifically, he contends that his sentences were not appropriate given that he expressed remorse, did not intend the victims to be harmed and, when he was released on a furlough to deal with court cases in other counties, he did so and did not commit any new crimes.

{¶19} "[A] sentence is contrary to law . . . if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11," which include protecting the public, punishing the offender, and promoting rehabilitation using the "minimum sanctions" that accomplish these purposes without imposing an unnecessary burden on government resources. (Citations omitted.) *State v. Boone*, 2024-Ohio-6116, ¶ 33 (11th Dist.); R.C. 2929.11(A). R.C. 2929.12(A) provides the sentencing court with discretion to "determine the most effective way to comply with the purposes and principles of sentencing." In exercising its discretion, the court shall consider R.C. 2929.12 factors "relating to the seriousness of the conduct [and] . . . the likelihood of the offender's recidivism." *Id.* "A sentencing court fulfills its duties under R.C. 2929.11 and 2929.12 when it states that it considered them" and "is not required to give any particular weight or emphasis to a given set of circumstances." *State v. McElroy*, 2023-Ohio-3756, ¶ 9 (11th Dist.); *State v. DelManzo*, 2008-Ohio-5856, ¶ 23 (11th Dist.).

{¶20} The court indicated in the transcript and sentencing entry that it considered

the purposes and principles of sentencing. It did not explicitly state that it considered R.C. 2929.12 and the seriousness and recidivism factors, however, we presume the court considered these factors in the absence of an affirmative showing to the contrary. *State v. Claar*, 2021-Ohio-2180, ¶ 11 (11th Dist.). We do not find Tyes has demonstrated that the trial court failed in its duty to consider all the required factors under R.C. 2929.12.

{¶21} As noted above, the current standard employed by the Ohio Supreme Court must be applied here. Pursuant to *Jones*, the weight to be given to issues like Tyes' expressed remorse and activity during the furlough are to be considered by the trial court. We observe, however, that the court very well could have given little weight to the argument that Tyes did not commit any new crimes while out of custody on furlough given that he did not return to the court voluntarily and had to be taken into custody by marshals. Further, his lack of intent to cause the deaths of the victims is not unique given that "[t]he criminal intent of involuntary manslaughter is supplied by the criminal intent to do the underlying unlawful act of which the homicide is a consequence." (Citations omitted.) *State v. Pinkerman*, 2024-Ohio-1150, ¶ 35 (4th Dist.).

{¶22} The sole assignment of error is without merit.

{¶23} For the foregoing reasons, Tyes' sentences are affirmed. Costs to be taxed against appellant.


JOHN J. EKLUND, J.,

EUGENE A. LUCCI, J.,

concur.

Case No. 2025-P-0029

# JUDGMENT ENTRY

For the reasons stated in the Opinion of this court, the assignment of error is without merit. The order of this court is that the judgment of the Portage County Court of Common Pleas is affirmed.

Costs to be taxed against appellant.

---
JUDGE SCOTT LYNCH

---
JUDGE JOHN J. EKLUND,
concurs

---
JUDGE EUGENE A. LUCCI,
concurs

**THIS DOCUMENT CONSTITUTES A FINAL JUDGMENT ENTRY**

A certified copy of this opinion and judgment entry shall constitute the mandate pursuant to Rule 27 of the Ohio Rules of Appellate Procedure.

Case No. 2025-P-0029